Jimmie Lee Bailey )
12143 Applewood Court )
Broomfield, Colorado 80020, )
                                       Plaintiff, )
vs. )
Kevin G. Byrne, D.O. )
1029 Nichols Road )
Osage Beach, Missouri 65065 )
                                       ) **Jury Trial Demanded**
and )

The Lake's Liver and Digestive Health Center, Inc. )
a Missouri Corporation )
1029 Nichols Road )
Osage Beach, Missouri 65065 )

**Serve:**    Registered Agent )
                Kevin G. Byrne, D.O. )
                1029 Nichols Road )
                Osage Beach, Missouri 65065 )
                                 Defendants. )

## COMPLAINT

### COUNT I
### CLAIM AGAINST KEVIN G. BYRNE, D.O.

      COMES NOW Plaintiff Jimmie Lee Bailey and for his claim against Defendant Kevin G. Byrne, D.O. states:

      1.     Jimmie Lee Bailey is a citizen and resident of Broomfield, Colorado, residing at the address set forth in the caption.

2. Defendant Kevin G. Byrne, D.O. [hereinafter "Dr. Byrne"] is, and at all relevant times has been, a citizen and resident of Camden County, Missouri, doing business as a physician at the address set forth in the caption.

3. Dr. Byrne is, and at all relevant times has been, a physician specializing in the provision of gastroenterologic care to patients in need of such medical care.

4. Defendant The Lake's Liver and Digestive Health Center, Inc. [hereinafter "the Corporate Defendant"] is, and at all relevant times has been, a Missouri Corporation, capable of suing and being sued, doing business at the address set forth in the caption, and amenable to service of process in the manner set forth in the caption.

5. The Corporate Defendant is and at all relevant times has been, a corporation specializing in the provision of gastroenterologic care to patients in need of such medical care.

6. This Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. §1332, as the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs, and is between citizens of different states.

7. Dr. Byrne and , at all times relevant to the facts and circumstances which form the basis of this lawsuit, had a physician/patient relationship.

8. The Corporate Defendant and , at all times relevant to the facts and circumstances which form the basis of this lawsuit, had a physician/patient relationship.

9. At all times relevant to the facts and circumstances which form the basis of this lawsuit, physicians who were employed by and who were agents and representatives of the Corporate Defendant acting within the scope and course of their employment with the Corporate Defendant had a physician/patient relationship with .

10. At all times relevant to the facts and circumstances which form the basis of this lawsuit, Dr. Byrne was employed by and was an agent and representative of the Corporate Defendant acting within the scope and course of his employment with the Corporate Defendant.

11. Dr. Byrne is, and at all times relevant has been, a health care provider holding himself out as offering that degree of skill and care as other health care providers with the same or similar training, education and experience.

12. The Corporate Defendant is, and at all times relevant has been, a health care provider holding itself out as offering that degree of skill and care as other health care providers with the same or similar training, education and experience.

13. At the time of the incidents, acts and omissions which are the subject of this Complaint, Dr. Byrne was an employee and agent of the Corporate Defendant.

14. At the time of the incidents, acts and omissions which are the subject of this Complaint, Dr. Byrne was acting within the scope and course of his employment with the Corporate Defendant.

15. At the time of the incidents, acts and omissions which are the subject of this Complaint, Dr. Byrne was acting to further the business interests of the Corporate Defendant.

16. At the time of the incidents, acts and omissions which are the subject of this Complaint, the Corporate Defendant consented to Dr. Byrne acting on its behalf.

17. At the time of the incidents, acts and omissions which are the subject of this Complaint, Dr. Byrne was subject to the Corporate Defendant's supervision and control.

18.    On or about October 11, 2016, Dr. Byrne performed an endoscopic retrograde cholangiopancreatography (ERCP) on Jimmie Bailey at Lake Regional Health System.  During this procedure, Dr. Byrne placed a 7-French, 5 cm stent in the distal common bile duct.

19.    In his care and treatment of , Dr. Byrne failed to use such care as a reasonably prudent and careful health care provider would have under similar circumstances in that:

    (a)    He failed to advise Mr. Bailey, Mr. Bailey's family, and other physicians who were participating in Mr. Bailey's care that the stent that he placed in Mr. Bailey's distal common bile duct on October 11, 2014 had to be removed within a matter of weeks and that failure to do so could result in serious injury or death.

    (b)    He failed to schedule a follow-up appointment with Mr. Bailey in order to either remove the stent or to schedule a date in the near future for the removal of the stent.

    (c)    He failed to remove the stent within a few weeks of October 11, 2014.

    (d)    He failed to notify other physicians caring for Mr. Bailey that the stent would need to be removed within a matter of weeks.

20.    Such failure to use such reasonable care directly caused or directly contributed to cause the following injuries and damages:

    (a)    Instead of undergoing a routine removal of the stent within weeks of October 11, 2014 (consisting of an outpatient, procedure, where  would have been appropriately sedated and a snare or forceps would have been placed around the stent to effect its removal), the stent became occluded and:

4

(1) developed, abdominal pain, abnormal liver tests, fever, stoenes in the bile duct (choledocholithiasis), and septicemia with septic shock;

(2) 's health deteriorated to such an extent that his life was in danger;

(3) was required to be hospitalized and to undergo, on January 25, 2016, removal not only of the stent, but also the removal of the common bile duct stones from the pus filled bile duct that had developed due to the stent having remained in place for such a long period of time with subsequent blockage of the bile duct and resultant infection.

(b) was required to seek the care and attention of doctors and hospitals all in a reasonable and necessary attempt to cure and relieve himself of the effects of the injuries and damages that he suffered due to the stent having remained in place for such a long period of time, and incurred substantial medical bills as a result thereof.

(c) Mr. Bailey was noted to have suffered a severe and permanent decline in his physical and mental health.

WHEREFORE, Plaintiff prays judgment against Dr. Byrne in the sum of One Million Dollars ($1,000,000.00) together with his costs herein incurred and expended.

## COUNT II
## CLAIM AGAINST THE LAKE'S LIVER AND DIGESTIVE HEALTH CENTER, INC. BASED UPON THE NEGLIGENCE OF ITS AGENTS AND EMPLOYEES

COMES NOW Plaintiff Jimmie Lee Bailey and for his claim against Defendant The Lake's Liver and Digestive Health Center, Inc. based upon the negligence of its agents and employees states:

1. He incorporates herein each and every statement and allegation contained in Count I of this Complaint and restates herein each and every statement and allegation contained therein.

2. At the time of the facts, circumstances, acts, and omissions which are the subject of this Petition:

   (a) Dr. Byrne was an employee and agent of The Lake's Liver and Digestive Health Center, Inc. [hereinafter referred to as "the Corporate Defendant"].

   (b) Dr. Byrne was acting within the scope and course of his employment with the Corporate Defendant;

   (c) Dr. Byrne was acting to further the business interests of the Corporate Defendant;

   (d) The Corporate Defendant consented to Dr. Byrne acting on its behalf;

   (e) Dr. Byrne was subject to the Corporate Defendant's supervision and control.

3. As the direct and proximate result of the negligent acts and omissions of the Corporate Defendant's agents and employees, including Dr. Byrne, suffered and sustained, and continues to suffer and sustain the injuries and damages set forth above.

WHEREFORE, Plaintiff prays judgment against The Lake's Liver and Digestive Health Center, Inc. in the sum of One Million Dollars ($1,000,000.00), together with his costs herein incurred and expended.

## COUNT III

### CLAIM AGAINST THE LAKE'S LIVER AND DIGESTIVE HEALTH CENTER, INC. BASED UPON THE NEGLIGENCE OF THE LAKE'S LIVER AND DIGESTIVE HEALTH CENTER, INC.

COMES NOW Plaintiff Jimmie Lee Bailey and for his further claim against Defendant The Lake's Liver and Digestive Health Center, Inc. [hereinafter sometimes referred to as "the Corporate Defendant"] states:

1. He incorporates herein each and every statement and allegation contained in Counts I and II of this Complaint and restates and realleges herein each and every statement and allegation contained therein.

2. In its care and treatment of , the Corporate Defendant failed to use such care as a reasonably prudent and careful health care provider would have under similar circumstances in that:

    (a)    It failed to train its agents and employees, including Dr. Byrne, to advise patients such as Mr. Bailey, Mr. Bailey's family, and other physicians who were participating in Mr. Bailey's care, that the stent that Dr. Byrne placed in Mr. Bailey's distal common bile duct on October 11, 2014 had to be removed within a matter of weeks and that failure to do so could result in serious injury or death.

    (b)    It failed to train its agents and employees, including Dr. Byrne, to schedule a follow-up appointment with patients who had undergone procedures such as Mr. Bailey underwent, in order to either remove the stent or to schedule a date in the near future for the removal of the stent.

    (c)    It failed to train its agents and employees, including Dr. Byrne, to remove the stent, such as was implanted in Mr. Bailey, within a few weeks of its implantation.

(d) It failed to adequately and properly supervise its employees in order to assure that the steps required as set forth in subparts (a), (b), and (c) of this paragraph were followed.

3. Such failure to use such reasonable care directly caused or directly contributed to cause the injuries and damages set forth above.

WHEREFORE, Plaintiff prays judgment against The Lake's Liver and Digestive Health Center, Inc. in the sum of One Million Dollars ($1,000,000.00), together with his costs herein incurred and expended.

**Plaintiff's Jury Demand**

COMES NOW Plaintiff and demands a trial by jury.

HANKINS & CONKLIN, P.C.

   /s/   *Thomas E. Hankins*
Thomas E. Hankins - MO #26005
6812 N. Oak, Suite 5
Gladstone, Missouri 64118
Telephone: (816) 436-3100
Fax: (816) 436-8643
Email: tomhankinslaw@cs.com

**Attorneys for Plaintiff**